**DO NOT ISSUE A WRIT - OUT OF STATE DEFENDANT**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

Randall S. Hardy,
     Plaintiff,

v.

Atlantic Credit & Finance Incorporated
and Midland Funding, LLC,
     Defendants

Case No: AR-19-00

**Complaint in Civil Action**

Filed on behalf of Randall S. Hardy,
Plaintiff

Counsel of Record:
Morrow & Artim, PC
Clayton S. Morrow, Esquire
PA I.D. #53521

304 Ross Street, 7th Floor
Pittsburgh, PA 15219-2124

www.ConsumerLaw365.com

csm@ConsumerLaw365.com

(412) 281-1250
(412) 209-0656

Jury Trial Demanded if Removed
or Appealed

Exhibit "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

Randall S. Hardy,                                   Case No: AR-19-00
     Plaintiff,

v.

Atlantic Credit & Finance Incorporated
and Midland Funding, LLC,
     Defendants

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set    forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A    LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE    YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
11th Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you   must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____ _____ at 9:00 A.M. **IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.**

## DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing.

If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA
CIVIL DIVISION - LAW

Randall S. Hardy,                                    Case No: AR-19-00
     Plaintiff,
v.
Atlantic Credit & Finance Incorporated
and Midland Funding, LLC,
     Defendants

## Complaint in Civil Action

Plaintiff, Randall S. Hardy, Plaintiff, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages by reason of Defendant's violation of the FDCPA, and alleges:

## PARTIES

1) Plaintiff, Randall S. Hardy (herein "Hardy") is a citizen of the Commonwealth of Pennsylvania, from whom Defendant attempted to collect a consumer debt allegedly owed to Midland Funding, LLC (herein "Debt"). Plaintiff is a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(3).

2) Defendant, Atlantic Credit & Finance Incorporated (herein "ATANTIC CREDIT"), is upon information and belief a Virginia corporation with a principal place of business at 111 Franklin Road, SE, Suite 400, Roanoke, VA 24011 and with a registered agent listed as Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA 23219 and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, attorneys, employees, agents and/or workmen.

Defendant ATLANTIC CREDIT, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, ATLANTIC CREDIT is a "Debt Collector", as defined in 15 U.S.C. §1692a(6).  Upon information and belief, defendant ATLANTIC CREDIT is regularly engaged in the business of collecting debts due another person or entity.

3) Defendant, Midland Funding, LLC of 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108 (herein "MIDLAND FUNDING") was engaged in the collection of consumer debts within the Commonwealth of Pennsylvania and venue is proper in Allegheny County, Pennsylvania pursuant to PA R.C.P. 2179(a)(2) and/or (a)(3).  Registered agent for Midland Funding, LLC is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Midland Funding, LLC has filed thousands of collection lawsuits here in Allegheny County, Pennsylvania on delinquent debts that it has purchased.

## FACTUAL ALLEGATIONS

4) Defendant ATANTIC CREDIT and MIDLAND FUNDING are in the business of attempting to collect consumer debts from consumers.

5) On or about October 23, 2018 ATANTIC CREDIT caused to be mailed to Plaintiff Hardy a demand for payment on a Midland Funding, LLC consumer debt that Midland Funding, LLC had purchased from Citibank,

N.A. that was in default at the time of purchase.

6)    It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.   See 15 USC §1692 - Congressional findings and declaration of purpose.

7)    The FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337,345 (3d Cir. 2004).  The FDCPA provides for a fee shifting provision, the debt collector shall pay the customers attorney fees.

8)    The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

9)    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).  For purposes of the Act, Plaintiff must be presumed to be "least sophisticated consumer."

10)   Defendant, its agents, servants, and/or employees, are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

11)   Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).  For purposes of the Act, Plaintiff must be presumed to be "least sophisticated consumer."

12)   Defendant, its agents, servants, and/or employees, actions described

above also constitute a violation of 15 U.S.C. § 1692e, 1692e(10), 1692f

and 1692g.

13) Defendant violated 15 U.S.C. § 1692g(a) which states:

> ### § 809. *Validation of debts 15 USC 1692g*
>
> *(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
> *(1) the amount of the debt;*
> *(2) the name of the creditor to whom the debt is owed;*
> *(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

14) Defendant failed to provide Plaintiff Hardy a valid 1692g notice, the Third Circuit has held that all debt disputes under subsections (a)(3)-(5) "must be in writing" to be effective. *Graziano v. Harrison*, 950 F. 2d (3rd Cir. 1991).

15) In order to adequately inform a consumer of her rights under Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." The FDCPA's statutory notice

requirement is "to be interpreted from the perspective of the `least sophisticated debtor.'" *Wilson v. Quadramed,* 225 F.3d 350, 354 (quoting *Graziano,* 950 F.2d at 111); see also *Caprio v. Healthcare Revenue Recovery, LLC,* 709 F.3d 142, 149 (3d Cir. 2013).

16) A debt collection letter violates Section 1692g if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Caprio,* 709 F.3d at 152.

17) The lack of a specific reference to a written dispute in the first sentence— while the other sentences indicate that only written disputes will be effective—could reasonably be interpreted to mean that disputes under the first sentence need not be in writing. But within the Third Circuit, this is incorrect: all three types of disputes must be in writing to be effective. *Caprio,* 709 F.3d at 151. Accordingly, the validation notice "can be reasonably read to have two or more different meanings, one of which is inaccurate," and violates the FDCPA. *Id.* at 152.

18) In a recent case based upon the same language, the court in *Durnell v Stoneleigh Recovery Associates, LLC*, D.C. ED of PA, Civil Action No. 18-2335 (January 7, 2019) held that the same language violated the FDCPA 1692e, 1692e(10) and 1692g.

19) As a result of Defendant, agents, servants, and/or employees, violations of the FDCPA as set forth herein, Defendant, its agents, servants, and/or employees, are liable to Plaintiffs pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) for each plaintiff, the amount of actual damages sustained,

plus $1,000 per violation; (ii) costs of bringing this action, plus reasonable attorneys' fees as determined by the Court; and (iii) such other and further relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Plaintiff, Randall S. Hardy pray that this Court:

1.     Declare that Defendants' debt collection practices violated the FDCPA;

2.     Enter judgment in favor of Plaintiff, and against Defendants, for actual and statutory damages of $1,000, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

3.     Plaintiff seeks an amount not in excess of Arbitration Limits; and,

4.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Randall S. Hardy demands trial by jury upon appeal.

## ARBITRATION LIMITS

This matter is filed within this court's arbitration limits.

Plaintiff, Randall S. Hardy,

By: _ /s/ Clayton S. Morrow _
Clayton S. Morrow

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
(412) 209-0656

No:  AR19-3109

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL S. HARDY, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No:  AR19-3109 |
| | ) | |
| v. | ) | |
| | ) | Code: |
| ATLANTIC CREDIT & FINANCE, | ) | |
| INCORPORATED and MIDLAND | ) | |
| FUNDING, LLC, | ) | **NOTICE OF FILING OF PETITION** |
| | ) | **FOR REMOVAL OF A CIVIL ACTION** |
| Defendants. | ) | |
| | ) | |
| | ) | FILED ON BEHALF OF: |
| | ) | **Defendants, Atlantic Credit & Finance** |
| | ) | **Incorporated and Midland Funding, LLC** |
| | ) | |
| | ) | |
| | ) | COUNSEL OF RECORD FOR THIS |
| | ) | PARTY: |
| | ) | |
| | ) | **Danielle M. Vugrinovich, Esquire** |
| | ) | PA ID #88326 |
| | ) | |
| | ) | **MARSHALL DENNEHEY** |
| | ) | **WARNER COLEMAN & GOGGIN** |
| | ) | Union Trust Building, Suite 700 |
| | ) | 501 Grant Street |
| | ) | Pittsburgh, PA  15219 |
| | ) | (412) 803-1185 |

LEGAL/123999284.v1

No:  AR19-3109

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL S. HARDY, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No:  AR19-3109 |
| | ) | |
| v. | ) | |
| | ) | Code: |
| ATLANTIC CREDIT & FINANCE, | ) | |
| INCORPORATED and MIDLAND | ) | |
| FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING OF PETITION FOR REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTICE that a Petition for Removal of this action was filed in the United States District Court for the Western District of Pennsylvania, on July 29, 2019.

A copy of the said Petition for Removal is attached to this notice and is served and filed herewith.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446, the filing of said Petition for Removal in the United States District Court together with the filing of a copy of said notice with this Court, effects the removal of this action and the above-captioned Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**


BY:    *s/ Danielle M. Vugrinovich*
DANIELLE M. VUGRINOVICH, ESQUIRE
**Attorney for Defendants, Atlantic Credit &
Finance Incorporated and Midland Funding,
LLC**

LEGAL/123999284.v1

No:  AR19-3109

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Notice of Filing of Petition for Removal of a Civil Action** has been served upon the following known counsel of record this 29th day of July, 2019, via electronic mail and/or US First-Class Mail, postage prepaid:

Clayton S. Morrow, Esquire
Morrow & Artim, PC
304 Ross Street, Seventh Floor
Pittsburgh, PA  15219
csm@ConsumerLaw365.com
   **(Counsel for Plaintiff)**

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

*s/ Danielle M. Vugrinovich*
DANIELLE M. VUGRINOVICH, ESQUIRE
**Attorney for Defendants, Atlantic Credit & Finance Incorporated and Midland Funding, LLC**

LEGAL/123999284.v1